# In the Court of Common Pleas of Schuylkill County.

## ANTHONY J. YEICH v. PETERSON & CARPENTER.

1.   What is legal service of summons on an agent under section 1, Act May 4, 1852?
2.   The record of a justice of the peace should show affirmatively everything necessary to give him jurisdiction.
3.   To hold non-resident defendants by a service on an alleged agent, the return of the officer must show that he complied with the act by serving the summons at the place, or one or other of the places, mentioned in the act.

Certiorari.

Opinion delivered Oct. 26, 1874, by

PERSHING, P. J.   In this case the summons was served on T. E. Mills, as agent for the defendants.   It is claimed that this is a good service on the defendants under the 1st section of the act of May 4, 1852. P. L. 574, which provides that "where any person or persons being residents of this Commonwealth shall engage in business in any other county than the one in which he, she or they shall reside, and not being in the county at the time of the issuing of such writ or process, it shall be lawful for the officer charged with the service thereof to serve any writ of summons, or any other mesne process, upon the agent or clerk of any such defendant, at the usual place of business or residence of such agent or clerk, and to have the same effect as if served on the principal personally."

On the argument it was agreed that T. E. Mills was agent at the time of the service of the summons in 1872 for Peterson & Carpenter, on the terms mentioned in a printed agreement submitted to the Court. From this agreement it appears that Peterson & Carpenter, as co-partners, having their place of business in Philadelphia, appointed T. E. Mills their agent for the sale of the Wheeler & Wilson Sewing Machines, within certain defined limits in the county of Schuylkill; that they agreed from time to time to furnish and deliver to their said agent, at the express office, steamboat landing or railroad depot in the city of Philadelphia so many of said machines as in their judgment their said agent might reasonably require.   The agreement stipulates that said agent "by way of commission and as a full compensation for his services, and a full remuneration for expenditures of whatever nature incurred in the business of this agency, shall be entitled to receive his commission as set forth" in a schedule with which he was furnished.

The defendants have taken depositions to show that they never employed the plaintiff to transact business for them.   His claim is "for commissions on the sale of sewing-machines. for the firm of Peterson & Carpenter."   It is not claimed that the plaintiff was employed by Peterson & Carpenter in any way other than through Mills their agent.   Pe-

terson & Carpenter aver that they never authorized his employment, that the commissions allowed Mills, were, by the very terms of the agreement, to cover expenditures of whatever nature, incurred in the business of his agency. There is nothing in the agreement which could authorize Mills to employ agents or canvassers for Peterson & Carpenter. The defendants also allege that they had no notice whatever of this suit ; that their first information that a judgment had been obtained against them was when an execution had issued, and this at a time too late for an appeal. Mills failed to attend at the hearing, and judgment was entered against the defendants by default.

But outside of any question of fact, or any other question of law which might be raised, we think there was no legal service of the summons in this case, and that the exception on this point must be sustained. The record of the justice should show affirmatively everything necessary to give him jurisdiction. Unless the defendants were non-residents of the county, and were not within the county at the time of the issuing of the summons, service upon an agent was a nullity. Thus it was held in Vankirk vs. Wetherill, 1 Leg. Gaz. 131, that under this act the sheriff should set forth in his return that the defendant is not a resident, but is engaged in business in his bailiwick. In this case the proceedings before the justice fail to show anything as to the residence or non-residence, the presence or absence of the defendants in or from the county. There is nothing in the form of the suit, nor in the manner of the service of the summons, to rebut the presumption that the defendants were residents of, and doing business in this county.

We are also of the opinion that when it is attempted to hold non-resident defendants by a service on an alleged agent, that the return of the officer must show that he complied with the act by serving the summons at the place, or one or other of the places, mentioned in it. The law requires the service of the summons on the agent to be made at the usual place of business or residence of such agent. Where or at what place the service was made on Mills, the alleged agent of the defendants, does not appear from the officers' return, or anything else disclosed in the case. The difference in the phraseology of the statute providing for the service of a summons on one who is himself the defendant in the action, and of that which authorizes service on an agent of a non-resident defendant, must not be disregarded. That this is not a strained construction will be seen from the case of Kibbe vs. Benson, Leg. Gaz, 1874, p. 85, decided by the Supreme Court of the United States. Where in actions of ejectment the statute of the State of Illinois required service of the declaration by a copy to the defendant named therein, or in his absence, by leaving the same with some white person of the family of the age of ten years or upwards at the dwelling house of such defendant, and the sheriff made return that he had served the declaration at the

dwelling house of the defendant, by delivering a copy to John Benson, the defendant's father, judgment was taken against the defendant by default. On a subsequent proceeding to set aside this judgment it was shown that the service of the declaration was made 125 feet from the house, but within the yard surrounding it. This was held not to be a compliance with the statute, and the judgment was set aside. This was affirmed by the Supreme Court of the United States in the case we have cited. Says Justice Hunt "a judgment has been entered where the service was insufficient and the defendant has had no opportunity to defend his estate." That case and the one now before us are in these respects alike.

The proceedings before the justice are for these reasons reversed.